**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 20 2013

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-30346 |
| | ) | |
| TMT, Inc., | ) | Chapter 11 |
| | ) | |
| Debtor and Debtor-in-Possession. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER DENYING MOTION FOR RELIEF FROM STAY

This matter is before the court on the Motion for Relief from Stay ("Motion") filed by Silgan Containers Manufacturing Corporation ("Silgan") [Doc. # 79], responses to the Motion filed by Debtor [Doc. # 123] and by secured creditor FirstMerit Bank, NA [Doc. # 120], and Silgan's reply [Doc. # 132]. The court held a preliminary hearing on the Motion on March 14, 2013, that Debtor's principal, Debtor's attorney and attorneys for FirstMerit Bank, Silgan and the Unsecured Creditors' Committee attended in person.

Silgan seeks an order granting it relief from the automatic stay in order to recover over one million food packaging cans ("the Cans") owned by it that are stored at Debtor's warehouse facility in Perrysburg, Ohio. Silgan argues that the Cans are damaged due to rust and that, if recovered, it intends to sell the Cans for their scrap value. Debtor asserts that any rust damage is due to a manufacturing defect and that it has a lien in the Cans under Ohio Revised Code § 1307.209 for unpaid storage charges in the amount of $473,000.00. Silgan disputes that such a lien exists.

While the state court complaint is not in evidence, the parties agree that Silgan's claim for damages and Debtor's claim for storage charges are the subject of a prepetition action brought in state court that Silgan commenced on March 2, 2012, and that was pending when Debtor filed its Chapter 11 petition on February 4, 2013. Debtor argues that Silgan is attempting to forum shop and resolve the state court action by presenting its argument as an automatic stay issue. Debtor further argues that the Motion is procedurally improper as it puts the validity of Debtor's asserted lien at issue and that such a determination requires the commencement of an adversary proceeding. For the reasons that follow, the court agrees and will deny the Motion on procedural grounds.

## **DISCUSSION**

Section 362 of the Bankruptcy Code provides that a bankruptcy petition "operates as a stay, applicable to all entities," of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). Section 362(d) directs the court to grant relief from the stay (1) "for cause, including the lack of adequate protection of an interest in property of [the moving party]" or (2) "with respect to a stay of an act against property under [§ 362(a)]," if the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1) and (2).

In this case, Silgan first argues that, under § 362(d)(1), it is entitled to relief from the automatic stay "for cause." Because the Bankruptcy Code does not define "cause" under § 362(d)(1), courts must determine whether relief is appropriate on a case-by-case basis. *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs. Ltd. P'ship)*, 30 F.3d 734, 737 (6th Cir. 1994).

According to Silgan, cause exists because (1) Silgan owns the Cans and the Cans are not property of the estate, (2) Silgan is under no obligation to store the Cans at Debtor's storage facility, and, (3) based on rust damage that has occurred, it is likely that the Cans will be subject to further harm and degradation while stored at Debtor's facility. Debtor responds by asserting a claim for storage fees that is secured by a warehouseman's lien in the Cans, which exists only while the Cans remain in Debtor's possession. *See* Ohio Revised Code § 1307.209(A) (providing that "[a] warehouse has a lien against the bailor on the goods covered by a warehouse receipt or storage agreement . . . in its possession for charges for storage or transportation. . . ."). Silgan counters that Debtor has no lien and, thus, no right to hold the Cans. Silgan's arguments in support of its request under § 362(d)(1) put the validity of Debtor's possessory lien directly in issue.

Silgan also moves for relief from the automatic stay under § 362(d)(2), arguing that because Debtor does not own the Cans, it has no equity in them and that they are not necessary for an effective reorganization since the Cans are owned by Silgan and, therefore, cannot be used by Debtor. "Equity," for purposes of § 362(d)(2)(A), "refers to the difference between the property value and the total amount of liens against it." *In re Pandeff*, 201 B.R. 865, 870 (Bankr. S.D.N.Y. 1996). "The concept of equity in property is based on the premise that the property itself has some economic value to its *owner*." *Scripps GSB I, LLC v. A Partners, LLC (In re A Partners, LLC)*, 344 B.R. 114, 121 (Bankr. E.D. Cal. 2006) (emphasis added). Silgan's Motion identifies the Cans as the property at issue in this case, which Debtor does not dispute are owned by Silgan. Thus, Debtor does not have an ownership "equity" interest in the Cans as contemplated by § 362(d)(2)(A).

Nevertheless, to the extent that Debtor has a possessory lien in the Cans, granting the relief sought by Silgan to recover possession of the Cans would amount to granting Silgan the ability to seek to exercise control over Debtor's possessory lien by eliminating the lien. Thus, the court finds that the property at issue includes not only the Cans but also Debtor's asserted lien in the Cans. To the extent that Debtor's lien is valid, it is property of the bankruptcy estate. 11 U.S.C. § 541(a)(1) (providing that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case"); *see Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 587 (B.A.P. 9th Cir. 1995) ((holding that § 362 protects property of the estate in which the debtor has a legal, equitable or possessory interest, including liens held by the debtor on property of a third party). And to the extent it is property of the estate, Debtor has an ownership interest in the lien and, thus, "equity" in the lien if the value of the Cans less any senior lien that might exist would be available for payment of storage fees allegedly owed to Debtor. Thus, Silgan's argument under § 362(d)(2) that Debtor has no equity in property protected by the stay under § 362(a) that would be affected by the relief requested in its Motion also puts the validity of Debtor's asserted lien directly in issue.

Ordinarily, a prerequisite to determining the validity of a lien is the commencement of an adversary proceeding. *In re Vandy, Inc.*, 189 B.R. 342, 346 (Bankr. E.D. Pa. 1995) ("By definition, proceedings to 'determine the validity, priority, or extent of a lien or other interest in property. . .' are adversary proceedings which are governed by the rules contained in Part VII of the Federal Rules of Bankruptcy Procedure"); Fed. R. Bankr. P. 7001(2). Although "parties may, by consent or waiver, litigate through a relief from stay motion a matter normally requiring an adversary proceeding," *In re Haedo,* 211 B.R. 149,

153 (Bankr. S.D.N.Y. 1997), Debtor has not so consented and has not waived the protections afforded parties in Part VII of the Federal Rules of Bankruptcy Procedure. At the preliminary hearing Counsel for Debtor explicitly objected to proceeding by motion and insisted that an adversary proceeding was required.

The differences between procedure in an adversary proceeding and a motion for relief from stay are material. In an adversary proceeding, a complaint must be filed, a summons secured and served and the issues joined through pleadings. Discovery and motion practice are in order. On the other hand, relief from stay proceedings are generally not the place to determine substantive rights, but rather to determine whether and when a dispute to determine those rights and obtain relief may appropriately continue outside of and notwithstanding a bankruptcy case. Congress therefore requires fast and immediate procedure in addressing relief from stay motions within 60 days. 11 U.S.C. § 362(e).

Silgan conspicuously avoided attaching a copy of its state court complaint to its motion for relief from stay, and the court finds it disingenuous that Silgan disavows any intention to continue with that action, [Doc. #79, p. 2/8, f.n.1]. The parties' briefs and the hearing discussion by counsel make it clear that there are extensive disputed facts surrounding the litigation, and further that Silgan had apparently not pleaded or made any effort to recover the Cans through replevin or other state court process during the eleven months that its state court lawsuit was pending before this bankruptcy case was commenced. That lack of action belies that this is an issue of immediate concern about devaluation of its property and not a shortcut to strategic advantage in a different forum of its choice to avoid filing a claim and determining the dispute in the centralized forum of bankruptcy as contemplated by both § 362(a) and Rule 7001.

Moreover, the specific relief Silgan requests here is to be permitted to recover its property through "the exercise of any and all rights and remedies available to Silgan under applicable nonbankruptcy law," [Doc. #79, p. 3/8, 5/8], rights it did not seek to assert until now. If Debtor refuses to turn over the cans voluntarily if relief from stay is granted, as it must to maintain any possessory lien, Silgan would either have to seek relief against Debtor in the pending state court action it disavows an intention to continue or file a new lawsuit against Debtor, with the validity of Debtor's claimed lien squarely at issue in any event. Factual determinations in that putatively *in rem* action in state court might also collaterally estop determination of claims issues in this court, with Debtor's counterclaim against Silgan also property of its bankruptcy estate. That is precisely the sort of disruptive, scattered, piecemeal *in rem* litigation the automatic stay and Rule 7001 are designed to avoid.

Because Silgan has squarely raised the issue of the validity of Debtor's asserted possessory lien in

13-30346-maw    Doc 143    FILED 03/20/13    ENTERED 03/20/13 13:56:19    Page 4 of 5

the context of a motion for relief from stay rather than by commencing an adversary proceeding, the court will deny the Motion as being procedurally improper. *See also* Fed. R. Bankr. P. 7001(1)(a proceeding to recover money or property must also be commenced by adversary proceeding).

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that the Motion for Relief from Stay [Doc. # 79] be, and hereby is, **DENIED without prejudice; and**

**IT IS FURTHER ORDERED** that the final evidentiary hearing on the Motion for Relief From Stay tentatively set for March 28, 2013, at 10:30 a.m. is vacated as moot, [Doc. # 135].

###